IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00206-BNB

DAVID B. HOECK,

    Plaintiff,

v.

RAE TIMME, Warden of the Colorado Territorial Correctional Facility, and
TOM CLEMENTS, Executive Director of the Colorado Department of Corrections,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, David B. Hoeck, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Colorado Territorial Correctional Facility (CTCF) in Canón City, Colorado.  He has filed a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.  Mr. Hoeck has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

    The Court must construe the complaint liberally because Mr. Hoeck is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Hoeck will be ordered to file an amended complaint.

    Mr. Hoeck, who subscribes to the "Biblical Christian" faith, alleges in the

Complaint that correctional officials at CTCF are interfering with his First Amendment right to exercise his religious beliefs by depriving him of religious meals on holy days; not providing him a place to worship; and not recognizing his faith group. He further asserts that prison officials have denied him the equal protection of the laws because other religious groups are recognized and accommodated at CTCF. Mr. Hoeck seeks injunctive and declaratory relief.

The Complaint is deficient because Mr. Hoeck fails to allege the personal participation of the named individual Defendants in a violation of his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976); **Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as CTCF Warden Timme, or DOC Executive Director Tom Clements, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. **See Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the

defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008).

Finally, Mr. Hoeck makes allegations against several CTCF correctional officers in the body of his Complaint but does not name those individuals as defendants in the caption. If Plaintiff intends to sue any of the correctional officers named in the body of the Complaint, he must add their names to the caption and state specific facts in the Complaint to show that each of them was personally involved in a deprivation of Plaintiff's constitutional rights. Accordingly, it is

ORDERED that Plaintiff, David B. Hoeck, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.

DATED January 31, 2013, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge