IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00206-BNB

DAVID B. HOECK,

    Plaintiff,

v.

TOM CLEMENTS,
RAE TIMME,
LANCE MIKLICH,
TED STENZEL,
TONY DECESARO,
DARRYL PROFFIT,
KIRK MACHIN,
MATT WINDEN,
MARY TOOMEY, and
LINDA WORTHEN,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

    Plaintiff, David B. Hoeck, is in the custody of the Colorado Department of Corrections and is incarcerated currently at the Colorado Territorial Correctional Facility (CTCF) in Canón City, Colorado.  Mr. Hoeck initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On January 31, 2013, Magistrate Judge Boyd N. Boland reviewed the amended complaint and found it to be deficient because Mr. Hoeck failed to allege the personal participation of the named Defendants in a violation of his constitutional rights.

Magistrate Judge Boland therefore ordered Plaintiff to file an amended complaint within thirty days. Mr. Hoeck thereafter was granted an extension of time until March 12, 2013 to file his amended complaint. (*See* ECF No. 7). He filed an amended complaint on March 11, 2013.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended Complaint because Mr. Hoeck is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court will construe the amended complaint liberally because Mr. Hoeck is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for pro se litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the amended complaint will be dismissed, in part.

Mr. Hoeck alleges in the amended complaint that he subscribes to the "Biblical Christian" faith. He further alleges that the Defendants are interfering with his First Amendment right to exercise his religious beliefs by depriving him of religious meals on holy days; not providing him a place to worship; and not recognizing his faith group. Plaintiff alleges that his Step III grievances on these issues were denied by Defendant DeCesaro. He further states that Defendant Miklich, the CTCF Major of Programs; Defendant Captain Stenzel, the CTCF Captain of Programs; Matt Winden, the CTCF

Manager of Faith and Citizen Programs; and Defendant Proffit, the Regional Coordinator for Faith and Citizens Programs, have refused his requests to accommodate his religious beliefs. Mr. Hoeck also alleges that Defendants Toomey and Worthen terminated his prison employment after he refused to work on the Sabbath. Mr. Hoeck states that he wrote letters to Warden Timme and DOC Director Clements advising them that prison officials were hindering the practice of his religious beliefs, but the Defendants failed to take any remedial action. He further asserts that Defendants have denied him the equal protection of the laws because other religious groups are recognized and accommodated at CTCF. Mr. Hoeck seeks injunctive and declaratory relief.

    Mr. Hoeck cannot maintain his claim against Defendants DOC Executive Director Tom Clements and CTCF Warden Timme because he fails to allege facts to show their personal participation in a violation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in the January 31, 2013 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo*

3

*v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as DOC Executive Director Tom Clements or CTCF Warden Timme, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Hoeck does not allege any specific facts to show that Defendant Clements or Defendant Timme was personally involved in the alleged deprivation of his constitutional rights. The fact that Defendants were made aware of Plaintiff's claims in written correspondence is an insufficient basis to impose § 1983 liability. *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, Defendants Clements and Timme are improper parties to this action and will be dismissed.

Plaintiff's claim against Defendant DeCesaro, the Step III grievance officer, fails because "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington*

*v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted).  Defendant DeCesaro therefore is an improper party to this action and will be dismissed.

Finally, Mr. Hoeck fails to state an arguable claim against Defendant Machin for interference with his First Amendment free exercise rights.  Plaintiff alleges only that Machin, a corrections officer, informed DOC Grievance Officer DeCesaro that he had spoken with Defendant Proffit concerning the performance of linen exchanges on the Sabbath and Proffit agreed with Plaintiff's position.  (ECF No. 10, at 7-8).  Mr. Hoeck does not allege any facts that would implicate Defendant Machin in a deprivation of his constitutional rights.  As such, Defendant Machin is an improper party to this action and will be dismissed.

The Court will not address at this time the merits of Mr. Hoeck's constitutional claims against Defendants Miklich, Stenzel, Proffit, Winden, Toomey, and Worthen.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that Defendants Clements, Timme, DeCesaro and Machin are DISMISSED for Plaintiff's failure to allege those Defendants' personal participation in an alleged deprivation of Mr. Hoeck's constitutional rights.   It is

FURTHER ORDERED that the claims against Defendants Miklich, Stenzel, Proffit, Winden, Toomey and Worthen shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this  18th  day of     March           , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court