IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00206-PAB-KLM

DAVID B. HOECK,

     Plaintiff,

v.

LANCE MIKLICH,
TED STENZEL,
DARRYL PROFFIT,
MARY TOOMEY,
LINDA WORTHEN,
SCOTT LANCASTER,
TOM JORDAN,
VALARIE CRAIG,
KEN TOPLISS,
J. STRICKLETT, and
MARY ANN ALDRICH,

     Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

     This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on November 7, 2013 [Docket No. 35]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on November 7, 2013. No party has objected to the Recommendation.

     In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

ORDERED as follows:

1.  The Recommendation of United States Magistrate Judge [Docket No. 35] is ACCEPTED.

2.  Defendants' Motion to Dismiss Plaintiff's Second Amended Prisoner Complaint [Docket No. 28] is GRANTED.

3.  This case and the claims contained therein are dismissed without prejudice.

DATED December 5, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).