IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00206-PAB-KLM

DAVID B. HOECK,

     Plaintiff,

v.

LANCE MIKLICH,
TED STENZEL,
DARRYL PROFFIT,
MARY TOOMEY,
LINDA WORTHEN,
SCOTT LANCASTER,
TOM JORDAN,
VALARIE CRAIG,
KEN TOPLISS,
J. STRICKLETT, and
MARY ANN ALDRICH,

     Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Motion for Injunctive Relief or Other

Remedy [Docket No. 71] filed by plaintiff David B. Hoeck.  Mr. Hoeck is currently

incarcerated in the Sterling Correctional Facility in Sterling, Colorado ("SCF") and at

times relevant to this action was incarcerated at the Colorado Territorial Correctional

Facility in Cañon City, Colorado ("CTCF").  This case arises out of Mr. Hoeck's

contention that defendant prison officials are substantially and unreasonably burdening

his ability to practice his religion.

## I.  BACKGROUND

Plaintiff filed this lawsuit on January 28, 2013, alleging that defendants have refused to permit plaintiff to observe his religious beliefs as a member of the Biblical Christian faith in violation of (1) his right to the free exercise of his religion under the First Amendment; (2) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc to 2000cc-5; and (3) Colorado law providing freedom of worship to individuals confined in a correctional facility, Colo. Rev. Stat. § 17-42-101. *See generally* Docket No. 25.

Plaintiff's motion states that plaintiff's prison file incorrectly states that plaintiff has been convicted of two counts of "wrongs to a child," when he in fact was convicted of the crime of contributing to the delinquency of a minor.  Docket No. 71 at 1, ¶ 1.  As a result of this alleged error in plaintiff's file, plaintiff states that he has been harassed by inmates and staff members and physically assaulted by fellow inmates on numerous occasions.  *See id.*

Plaintiff also claims that, on December 10, 2014, plaintiff was transferred from CTCF to SCF.  *Id.* ¶ 3.  Since moving to SCF, plaintiff states that he has not been allowed to practice his sincerely held religious beliefs.  *Id.* at 1-2, ¶ 4.  Plaintiff alleges that his transfer to SCF was retaliatory.  *Id.* at 1, ¶ 3.  Finally, plaintiff states that, because his records were not properly transferred to SCF, he was forced to submit to unnecessary testing for tuberculosis.  *Id*. at 2, ¶ 5.

Plaintiff seeks an order (1) permitting plaintiff to observe the holy days of the Biblical Christian faith, (2) requiring that plaintiff be given a diet that comports with the

tenets of the Biblical Christian faith, (3) returning plaintiff to CTCF and placing him back in the "incentive unit" there, (4) requiring defendants to alter plaintiff's prisoner file such that plaintiff is not listed as having been incarcerated for the crime of "Wrongs to a Child," and (5) requiring transfer of plaintiff's medical records from an Illinois penitentiary so that plaintiff's current treatment for tuberculosis may be discontinued. *See* Docket No. 71 at 2.

Defendants argue that plaintiff's motion should be denied because injunctive relief is unavailable to remedy past harm, because his statements concerning the denial of his right to practice his religious beliefs are vague and conclusory, and because plaintiff does not establish a relationship between the relief he seeks and the claims in his complaint.  *See* Docket No. 75.  In his reply brief, plaintiff states that, as of the time of the brief, plaintiff had been at SCF for two months and had not had any meals provided by SCF on holy days, nor had he been permitted to have "holy convocations" with other members of his faith.  *See* Docket No. 79 at 2.

## II.  STANDARD OF REVIEW

A preliminary injunction is not meant to "remedy past harm but to protect plaintiffs from irreparable injury that will surely result without [its] issuance" and "preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. Univ. of Colo*., 427 F.3d 1253, 1258, 1267 (10th Cir. 2005);  *see also Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197 (D. Colo. 2009) ("injunctive relief can only be obtained for current or prospective injury and cannot be conditioned on a past injury that has already been remedied").  "[C]ourts generally will refuse to grant injunctive

relief unless plaintiff demonstrates that there is no adequate legal remedy." Charles Alan Wright et al., 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed. 2014).

To obtain a preliminary injunction, a plaintiff must demonstrate four factors by a preponderance of the evidence: "(1) a likelihood of success on the merits; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

A movant must show that these four factors weigh heavily in his favor in order to obtain an injunction that (1) disturbs the status quo, (2) is mandatory rather than prohibitory, or (3) provides the movant substantially all the relief he could feasibly attain after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). The Tenth Circuit has described the status quo as the "last uncontested status between the parties which preceded the controversy until the outcome of the final hearing." *Schrier*, 427 F.3d at 1260 (citing *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001)). "In determining the status quo for preliminary injunctions, th[e] court looks to the reality of the existing status and relationship between the parties and not solely to the parties' legal rights." *Id*.

An order granting an injunction must "state its terms specifically" and "describe in reasonable detail–and not by referring to the complaint or other document–the act or

acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)-(C).  "[T]he degree of specificity

with which plaintiffs must describe the injunctive relief requested becomes more

exacting as the litigation progresses: the complaint need only be specific enough to

satisfy our notice pleading standards", while "the motion for relief or proposed injunction

must of course itself be specific enough to comport with Rule 65(d)."  *Shook v. Bd. of

Cnty. Comm'rs of County of El Paso*, 543 F.3d 597, 606 n.4 (10th Cir. 2008).

## III.  ANALYSIS

Much of the relief that plaintiff requests in his motion is unrelated to plaintiff's

claims in this lawsuit.  Specifically, plaintiff seeks to undo his December 2014 transfer

from CTCF to SCF, an alteration of his prisoner file to change the nature of his

convictions, and an order concerning transfer of medical records so that plaintiff will not

be required to undergo testing for tuberculosis.  *See generally* Docket No. 71.  These

forms of relief are beyond the scope of the claims in the operative complaint, which

concern denial of plaintiff's ability to practice his religious beliefs between July 2008 and

May 2013.  *See generally* Docket No. 25 at 8-11, ¶¶ 3-32.  Plaintiff's complaint defines

the claims at issue.  He may not expand the scope of the complaint through a motion

for injunctive relief.  *Cf. Occupy Denver v. City & Cnty. of Denver*, No. 11-cv-03048-

REB-MJW, 2011 WL 6096501 at *3 (Dec. 7, 2011) (not proper or equitable for plaintiff

to expand the scope of claims through evidence not specified in complaint).  The Court,

therefore, denies plaintiff's motion with respect to the above-described requests for

relief.

Regarding the remaining two forms of injunctive relief that plaintiff seeks, permitting plaintiff to observe the holy days and access to a diet that comports with the tenets of his faith, the Court finds that the allegations in plaintiff's motion are too general to allow the Court to issue an injunction that meets the specificity requirements of Federal Rule of Civil Procedure 65(d). Plaintiff must meet a heightened burden because he seeks an injunction that (1) disturbs the status quo and (2) is mandatory rather than prohibitory. *Kikumura*, 242 F.3d at 955. As the Court previously advised plaintiff in denying an earlier motion for injunctive relief, *see* Docket No. 58 at 8-9, any order granting injunctive relief must "state its terms specifically" and "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)-(C). Plaintiff requests that he be permitted to "observe the holy days at their appointed times" and that he be "offered a diet to comport with the tenets of his faith." Docket No. 71 at 2. Yet plaintiff does not identify the relevant holy days, nor does he describe with any sort of precision the requirements of a diet that would not offend his religious beliefs.[1] In light of this lack of specificity, the Court cannot grant injunctive relief because the resulting order would be impermissibly vague. *See* Fed. R. Civ. P. 65(d); *Shook,* 543 F.3d at 606 n.4 (a "motion

---

[1]The Court notes that, in support of his previous motion for a preliminary injunction, plaintiff attempted to provide certain specifics concerning the dates of holy days and the requirements of a faith-compliant diet. *See* Docket No. 57 at 1-2. The Court rejected plaintiff's motion because the information plaintiff provided was not sufficient for the Court to issue injunctive relief that met the specificity requirements of Rule 65(d). *See* Docket No. 58 at 8-9. Here, plaintiff provides no information concerning the precise accommodations he seeks.

for relief or proposed injunction must of course itself be specific enough to comport with Rule 65(d)").

Moreover, as the Court found in denying plaintiff's previous motion for injunctive relief, plaintiff's lack of specificity prevents him from showing a likelihood of success on the merits because, "[u]nless the defendants know what they may be required to do or not do to comply with an injunction, it is difficult for them to adequately respond to the question of whether their current practices serve a compelling governmental interest or are the least restrictive means to further that interest under the RLUIPA."  Docket No. 58 at 9 (citing *Yellowbear v. Lampert*, 741 F.3d 48, 56-57 (10th Cir. 2014)).  Without detailed information, the Court is not in a position to balance the burden on plaintiff's exercise of his sincerely held religious beliefs and the penological interest justifying the regulation.  *See Boles v. Neet*, 486 F.3d 1177, 1181-82 ("the question of whether a prison regulation reasonably curtails constitutional rights requires close examination of the facts of each case, the specific regulation under review, and the alleged justifications for it").

Because plaintiff has failed to meet his burden of showing a likelihood of success on the merits, the Court need not address the other factors relevant to a motion for injunctive relief.  *See RoDa Drilling*, 552 F.3d at 1208.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion for Injunctive Relief or Other Remedy [Docket No. 71] filed by plaintiff David B. Hoeck is **DENIED**.

7

DATED August 20, 2015.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge