IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00206-PAB-KLM

DAVID B. HOECK,

    Plaintiff,

v.

LANCE MIKLICH,
TED STENZEL,
DARRYL PROFFIT,
MARY TOOMEY,
LINDA WORTHEN,
SCOTT LANCASTER,
TOM JORDAN,
VALARIE CRAIG,
KEN TOPLISS,
J. STRICKLETT, and
MARY ANN ALDRICH,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on (1) the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 101], and (2) the Motion to Correct/Amend Court Order [Docket No. 84] filed by plaintiff David B. Hoeck.

    The magistrate judge recommends that the Court grant in part and deny in part defendants' Motion for Summary Judgment on Amended Complaint [Docket No. 90]. The Recommendation, which was served on October 26, 2015, states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 101 at 21-22; 28 U.S.C. § 636(b)(1)(C). Plaintiff filed a timely objection to

the Recommendation.  Docket No. 102.  Defendants did not object to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  The Court has reviewed portions of the Recommendation that recommend denial in part of defendants' motion for summary judgment to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Plaintiff was, at all relevant times, an inmate at the Colorado Territorial

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

Correctional Facility ("CTCF") within the Colorado Department of Corrections ("CDOC"). Defendants work in various capacities at CTCF. The Recommendation sets forth the relevant background facts, *see* Docket No. 101 at 2-6, and the Court will not recite them here.

## I. ANALYSIS

### A. The Recommendation

The magistrate judge recommends denying the majority of defendants' motion for summary judgment. *See generally* Docket No. 101. The Recommendation, however, finds that no dispute of material fact exists concerning portions of plaintiff's claim for violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). The magistrate judge recommends granting summary judgment as to plaintiff's RLUIPA claim to the extent that plaintiff alleges that defendants violated RLUIPA by requiring plaintiff to change linens on the Sabbath, requiring plaintiff to move cells on the Sabbath, denying plaintiff an appropriate place to worship, and failing to classify plaintiff's religion, Biblical Christianity, as an independent religion rather than as part of the "umbrella group" of Messianic Believers. *See generally* Docket No. 101 at 16-20.

It is difficult to discern from plaintiff's objection the portions of the Recommendation to which plaintiff objects. Plaintiff does not specifically discuss the Recommendation's findings that plaintiff's claim related to changing linens on the Sabbath is moot. The Court has reviewed this finding and is satisfied that there is no error with this aspect of the Recommendation. Plaintiff does discuss defendants'

alleged failure to provide plaintiff with an appropriate place to worship, *see* Docket No. 102 at 2, but plaintiff appears more concerned with the times at which he is permitted to worship and the necessary items he needs to do so. *See id.* at 1 ("Biblical Christians must not forsake the assembling the assembling of ourselves, **at the appointed times**, which Defendants do not permit") (emphasis in original); ("[t]he Defendants have told Plaintiff that he may only worship when they permit it, in accordance with the Hebrew calculated calendar"). The Recommendation found that there was no evidence to support the portion of plaintiff's RLUIPA claim that alleged he had been denied a proper place to worship. Docket No. 101 at 19. The Recommendation further notes that, while plaintiff made statements in his briefing that defendants did not permit him to observe the beliefs of Biblical Christianity in the proper manner, such statements are unsworn and, regardless, are not sufficient evidence to demonstrate a substantial burden on his religious exercise. *Id.*, n. 18 (citing Docket No. 95 at 3-4). Plaintiff's objection asserts that he "must worship when, where, and how God commands or else he will commit sin, but the Defendants have substantially burdened Plaintiff's free exercise to do so" by "not providing Biblical Christians a place to worship and not allowing them to have access to the items necessary to worship appropriately, and at the proper times[.]" Docket No. 102 at 2. Plaintiff does not, however, direct the Court to any evidence that defendants have denied him a proper place of worship. *See generally id.* Plaintiff states that he "does not have a copy of the list of exhibits, but contends that there is evidence" to support his claim, including certain unnamed "COPD infractions, the letters from Defendants stating when Plaintiff could observe Passover, etc." *Id.* at 1-2.

Plaintiff's stated belief that evidence to support his claims exists is not sufficient to demonstrate a genuine dispute of material fact. As the nonmoving party with the burden of proving that his religion was substantially burdened, plaintiff must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also* Fed. R. Civ. P. 56(e). Further, since plaintiff fails to point to any specific evidence that supports this portion of his RLUIPA claim, his objection is not specific enough to allow the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *2121 East 30th Street*, 73 F.3d at 1059. Nonetheless, the Court has reviewed the evidence that plaintiff submitted in opposition to defendants' motion for summary judgment and independently concludes that plaintiff did not, in opposing summary judgment, point to evidence that creates a genuine dispute of material fact as to his claim that defendants substantially burdened his religious exercise by denying him an independent place of worship. *See generally* Docket Nos. 92-1 to 92-4, 95-1.

Finally, plaintiff does not specifically address the Recommendation's finding that defendants are not required to reclassify Biblical Christianity in order to avoid substantially burdening plaintiff's religious belief. Plaintiff states that the doctrines of Biblical Christianity "are extremely different than those of the Messianic Believers umbrella groups," Docket No. 102 at 2, but does not provide a specific challenge to the Recommendation's finding that failing to classify Biblical Christianity as an independent religion, by itself, does not constitute a RLUIPA violation. Nor does plaintiff point to any evidence from which the Court could determine that defendants' failure to assign independent religion status to Biblical Christianity substantially burdens plaintiff's

religious exercise. In the absence of a specific objection, the Court has reviewed the Recommendation's finding and is satisfied that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b), Advisory Committee Notes. Accordingly, the Recommendation will be adopted and partial summary judgment will enter on plaintiff's RLUIPA claim as described in this order.

### B. Motion to Amend Order

Plaintiff's Motion to Correct/Amend Court Order, Docket No. 84, asks the Court to modify a portion of its order dated February 19, 2014. Docket No. 47. In that order, the Court adopted the Recommendation of United States Magistrate Judge, Docket No. 35, to the extent that the magistrate judge found that, pursuant to the Eleventh Amendment, defendants are immune from suit for money damages in their official capacities. *Id.* at 2-3 n.2, 17. Plaintiff did not object to the finding regarding Defendants' Eleventh Amendment immunity from money damages. *See generally* Docket No. 42. In his motion to amend/correct the Court's February 19, 2014 order, plaintiff states that he only recently learned that the Court dismissed his claims for monetary relief against defendants in their official capacity and that it is "obvious that, if the allegations contained in Plaintiff's Complaint are true, then the Defendants are all liable in their official capacities and that the Court erred in dismissing that part of his claims." Docket No. 84 at 1.

The Court construes plaintiff's motion as a motion for reconsideration pursuant to the court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th

Cir. 1980 (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit those orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Here, plaintiff identifies no new evidence or legal authority and does not demonstrate that the prior holding was in error. Further, the Court sees no legal error in its adoption of the magistrate judge's finding that defendants are immune from suit for money damages in their official capacities. "[T]he Eleventh Amendment bars a suit against a state official when the state is the real, substantial party in interest," such as where "the funds to satisfy the award must inevitably come from the general revenues of the state." *Johns v. Stewart*, 57 F.3d 1544, 1552-53 (10th Cir. 1995); *see also AMISUB (PSL), Inc. v. State of Colo. Dep't of Social Servs.*, 879 F.2d 789, 792 (10th Cir. 1989) ("Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court"). Accordingly, plaintiff's motion to amend or correct the Court's

February 19, 2014 order will be denied.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 101] is **ACCEPTED**.  It is further

**ORDERED** that defendants Lance Miklich, Ted Stenzel, Darryl Proffit, Mary Toomey, Linda Worthen, Scott Lancaster, Tom Jordan, Valarie Craig, Ken Topliss, J. Stricklett, and Mary Ann Aldrich's Motion for Summary Judgment on Amended Complaint [Docket No. 90] is **GRANTED** in part and **DENIED** in part.  It is granted with respect to plaintiff's allegations that defendants' actions in requiring plaintiff to change linens on the Sabbath, requiring plaintiff to move cells on the Sabbath, denying plaintiff an appropriate place to worship, and failing to classify Biblical Christianity as an independent religion violated the Religious Land Use and Institutionalized Persons Act of 2009.  It is denied in all other respects.  It is further

**ORDERED** that plaintiff David B. Hoeck's Motion to Correct/Amend Court Order [Docket No. 84] is **DENIED**.

DATED March 1, 2016.

BY THE COURT:

 s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge